**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LUIS JIMENEZ, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

SOCIAL FIRESTARTER LLC and JOHN DOES 1-10,

Defendant.

Case No. 1:22-cv-03834

## CLASS ACTION COMPLAINT

**NOW COMES** LUIS JIMENEZ ("Plaintiff), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of SOCIAL FIRESTARTER LLC and JOHN DOES 1-10 ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp*., 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Pingree Grove, Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a limited liability company that specializes in providing marketing "secrets" to law firms.[1]

9. Defendant maintains its principal place of business in Tampa, Florida.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to individuals on Defendant's behalf.

12. At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents JOHN DOES 1-10.

[1] https://www.getlawfirmreviews.com/5-star-order-page-2?sl=andrewstickelsite (last visited July 25, 2022)

## FACUTAL ALLEGATIONS

13. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

14. Upon information and belief, Defendant utilizes third-party vendors (John Does 1-10) to market its services and products.

15. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

16. Upon information and belief, Defendant's ability to market its services and products significantly depends on its access to high-quality vendors.

17. Defendant is subject to liability under the TCPA for actions of its third-party vendors who engage in outbound telemarketing efforts on Defendant's behalf.

18. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1979.

19. At all times relevant, Plaintiff's number ending in 1979 was assigned to a cellular telephone service.

20. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

21. At all times relevant, Plaintiff's cellular telephone number ending in 1979 was registered on the National Do-Not-Call Registry.

22. In 2021, Plaintiff visited Defendant's website and ordered a free book from Defendant.

23. At no point in time did Plaintiff enter into a contract with Defendant or otherwise utilize any of Defendant's services.

24. Plaintiff's relationship with Defendant was limited to Plaintiff ordering a free book from Defendant's website.

25. At no point in time did Plaintiff consent to receiving solicitation calls from Defendant.

26. On May 26, 2022, Defendant placed a solicitation call to Plaintiff and left the following prerecorded voicemail message ("robocall") on Plaintiff's cellular phone:

> "Hey this Andy Stickel and I wanted to give you a quick tip on how you can get the highest quality leads for your law firm at the lowest possible cost per week. So, a study was recently done where researchers interviewed thousands of people and they found that 95% of the time people hire the company that helps them with their research before they make their decision. So, for example, if you're a car accident lawyer and someone finds your content and it answers all of their questions about car accidents after they've been in a car accident, they are likely going to call you first. And the coolest part is that most law firms aren't even doing this. So you have a massive opportunity to swoop in and use this strategy to get lots of clients on a regular basis. Now, if you would like me to show you step by step exactly how you can do this, then I'd like to invite you to a very special virtual event that we are hosting on June 15th, 16th, and 17th, where I'll be breaking down this entire strategy and showing you exactly what to do. We also have other great speakers like Magic Johnson and Kevin O'Leary from Shark Tank, he plays Mr. Wonderful. Judge Faith will be there and many many others as well. So, right now tickets are only $10 for this event, but it will sell out. So reserve your spot now. So visit livelawyertraining.com to reserve your spot today. That's livelawyertraining.com. Get your tickets today and I'll see you there."

27. Andy Stickel is Defendant's co-founder and holds himself out as a "law firm marketing expert."[2]

28. It was clear to Plaintiff that Defendant's voicemail utilized an artificial and/or prerecorded voice because (1) the voicemail was conspicuously not left by a live representative; (2) the prerecorded voice message utilized the voice of Defendant's co-founder Andy Stickel; and (3) the voicemail did not identify Plaintiff by name.

[2] https://www.getlawfirmreviews.com/5-star-order-page-2?sl=andrewstickelsite (last visited July 25, 2022)

29. Simply put, it is not plausible that Defendant's co-founder was placing cold calls to individuals such as Plaintiff to personally invite them to a virtual event hosted by Defendant.

## DAMAGES

30. Plaintiff values his time, privacy, and solitude.

31. Defendant's unlawful marketing practices have caused Plaintiff concrete harm, including: invading Plaintiff's privacy, annoyance, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

32. Plaintiff is married with children. When Defendant left a message on Plaintiff's cellular phone, Plaintiff was forced to drop whatever he was doing and check his voicemail to make sure that there was no emergency involving his family that required his immediate attention.

33. Concerned with Defendant's invasive marketing practices, Plaintiff retained counsel to vindicate his rights.

## CLASS ALLEGATIONS

34. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Prerecorded Message Class

> All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's prior express written consent; (5) within the four years preceding the date of this complaint through the date of class

certification.

**Do-Not-Call Registry Class**

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's products or services; (5) without the individual's prior express written consent; (6) within the four years preceding the date of the original complaint through the date of class certification.

36. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

37. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

38. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

39. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

40. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

**B. Commonality and Predominance**

41. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

42. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C. Typicality**

43. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful marketing practices.

**D. Superiority and Manageability**

44. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

46. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E. Adequate Representation**

48. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

49. Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

50. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)
### (On behalf of Plaintiff and the Members of Prerecorded Message Class)

51. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52. Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.

53. "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers

54. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.[3]

55. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service,

[3] 47 C.F.R. §§ 64.1200(a)(2) and (3).

or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

56. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing or causing to be placed a solicitation call to Plaintiff's cellular phone number, utilizing an artificial or prerecorded voice, without Plaintiff's prior express written consent.

57. As pled above, Defendant used an artificial or prerecorded voice in the voicemail message it delivered to Plaintiff's cellular phone.

58. As pled above, Plaintiff never provided Defendant with consent to place solicitation calls to his cellular phone number.

59. Upon information and belief, it is Defendant's business practice to place robocalls to consumers without their prior express written consent.

60. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place solicitation calls to consumers.

61. As a result of Defendant's willful violations of the TCPA, Plaintiff and the members of the Prerecorded Message Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE,** Plaintiff, on behalf of himself and the members of the Prerecorded Message Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Prerecorded Message Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Prerecorded Message Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Prerecorded Message Class for each violating call; and

G. any further relief this Court deems just and proper.

**COUNT II:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Do-Not-Call Registry Class)**

62. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

63. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

64. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed a solicitation call to Plaintiff's cellular telephone number while it was registered on the National Do-Not-Call Registry, without Plaintiff's consent.

65. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

66. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G. any further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 25, 2022

Respectfully submitted,

**LUIS JIMENEZ**

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com